IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RADIO SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| HAWX OUTDOORS, INC. d/b/a HAWX | ) | |
| DOG & GUN, BUMPER BOY, INC., and | ) | JURY DEMAND |
| TOM LALOR, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Radio Systems Corporation, for its Complaint against Defendants Hawx
Outdoors, Inc. d/b/a Hawx Dog & Gun, Bumper Boy, Inc., and Tom Lalor (collectively,
"Defendants"), states as follows:

### I. INTRODUCTION

Radio Systems Corporation and Hawx Outdoors, Inc. d/b/a Hawx Dog & Gun and
Bumper Boy, Inc. are competitors in the market for remote training products for pet dogs in the
sporting, hunting, and outdoor category. Radio Systems Corporation, a leading developer of pet
feeding, fencing, and behavior training products and solutions, is devoted to developing the most
innovative and most advanced designs available to pet owners. Radio Systems Corporation
places a premium on its customers and their pets' safety and satisfaction, and works with
scientists, actual pet owners, and the world's top trainers, veterinarians, and behaviorists to
ensure Radio Systems Corporation's products meet the highest standards of pet safety and
quality. Radio Systems Corporation has discovered that, in addition to infringing the inventions

and ornamental designs claimed in certain of Radio Systems Corporation's patents, Defendants are representing to potential and existing customers that other remote training products (such as those offered by Radio Systems Corporation) cannot adequately protect a pet dog in the hunting and training fields, and that use of such other products can harm and even kill the dog. To have a competitor falsely and misleadingly imply to pet owners that Radio Systems Corporation produces products that may harm or kill a pet dog is a serious allegation that cannot go unchecked. Not only are Defendants infringing Radio Systems Corporation's patented pet training technology and designs, but they are simultaneously attacking such technology and designs with false representations in an attempt to tarnish Radio Systems Corporation's significant reputation. Radio Systems Corporation must now bring this action to protect its valuable patent rights and considerable goodwill in the marketplace, and to bring an end to Defendants' nefarious tactics.

## II. THE PARTIES

1. Plaintiff Radio Systems Corporation ("RSC") is a Delaware corporation with its principal place of business located at 10427 Petsafe Way, Knoxville, Tennessee 37932.

2. Upon information and belief, Defendant Hawx Outdoors, Inc. d/b/a Hawx Dog & Gun ("Hawx") is a Washington corporation, with its principal place of business located at 1750 Grant Avenue, Blaine, Washington 98230-5155. Upon information and belief, Hawx does business in the State of Tennessee, including in this District. Hawx may be served with process through service upon its registered agent, Bumper Boy, Inc., located at 1750 Grant Avenue, Blaine, Washington 98230-5155.

3. Upon information and belief, Defendant Bumper Boy, Inc. ("Bumper Boy") is a Washington corporation, with its principal place of business located at 1750 Grant Avenue,

- 2 -

Blaine, Washington 98230-5155. Upon information and belief, Bumper Boy does business in the State of Tennessee, including in this District. Bumper Boy may be served with process through service upon its registered agent, Tom Lalor, located at 1750 Grant Avenue, Blaine, Washington 98230.

4.     Upon information and belief, Defendant Tom Lalor ("Lalor") is an individual having his principal residence located at 122 Garden Avenue, North Vancouver, British Columbia, Canada V7P 3H2, and a place of business located at 1750 Grant Avenue, Blaine, Washington 98230-5155. Upon information and belief, Lalor is President, Secretary, Treasurer, and Chairman of Hawx and President and Secretary of Bumper Boy. Lalor may be served with process through service at his principal residence.

## III. NATURE OF ACTION

5.     This is an action for patent infringement under the Patent Laws of the United States, United States Code, Title 35; unfair competition and false advertising under Section 43 of the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq.*; violations of the Tennessee Consumer Protection Act of 1977 ("TCPA"), Tenn. Code Ann. § 47-18-101 *et seq.*; and unfair competition and unjust enrichment under Tennessee common law.

## IV. JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as it involves a federal question; under 28 U.S.C. § 1332 as the action is between citizens of different States and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000; and 15 U.S.C. § 1121 as it involves claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and 28 U.S.C. § 1338 as it involves claims under the Patent Laws of the United States, Title 35 and the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has

- 3 -

supplemental jurisdiction over the claims that arise under Tennessee law pursuant to 28 U.S.C. § 1367(a) in that they are substantially related to the claims that arise under the Lanham Act of the United States. Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

7.      Upon information and belief, this Court has general personal jurisdiction over Defendants based on their continuous and systematic minimum contacts with residents of Tennessee through the distribution and sale of their products in Tennessee directly and through "brick and mortar" and online resellers. Upon information and belief, this Court also has specific personal jurisdiction over Defendants based on their purposeful direction of their promotional and advertising activities and sales of their products to residents and customers in Tennessee.

8.      Further, this Court has personal jurisdiction under Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-201 *et seq.*, because, upon information and belief, (1) Defendants have transacted business in Tennessee; (2) the tortious acts or omissions occurred in Tennessee; (3) the damages occurred in Tennessee to a corporation with its principal place of business in Tennessee; and (4) jurisdiction based on Defendants' contacts with Tennessee (including, but not limited to, sales of products) is not inconsistent with the Constitution of the State of Tennessee or the Constitution of the United States.

9.      Upon information and belief, Lalor is subject to the personal jurisdiction of this Court because, in his capacity as President, Secretary, Treasurer, and Chairman of Hawx and President and Secretary of Bumper Boy, he was personally and actively involved in Hawx's and Bumper Boy's conduct when he authorized, ordered, controlled, participated, or ratified the

- 4 -

actions Hawx and Bumper Boy, including Hawx's and Bumper Boy's acts of patent infringement, unfair competition and false advertising, in Tennessee and this district. Therefore, Lalor has purposefully availed himself of the privilege of doing business in Tennessee; the causes of action in this case arise out of Lalor's contacts with Tennessee; and the exercise of jurisdiction over Lalor is reasonable. As a result, Lalor is personally liable for the tortious acts he has committed as alleged herein. Further, as President, Secretary, Treasurer, and Chairman of Hawx and President and Secretary of Bumper Boy, Lalor has a direct financial interest in Hawx and Bumper Boy, and the right and ability to supervise Hawx's and Bumper Boy's acts of patent infringement, unfair competition and false advertising committed in and/or directed to Tennessee and this district.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to these claims arose in this District, and Defendants are subject to personal jurisdiction pursuant to Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-201 *et seq.*

## V. THE CONTROVERSY

### A. RADIO SYSTEMS CORPORATION

11. RSC is a leading developer and manufacturer of pet feeding, fencing, and behavior training products and solutions.

12. RSC is the parent company to many of the most recognizable pet brands in the world. The RSC family of brands includes the PetSafe® brand (a leading pet training, containment, and behavior solutions brand), the Invisible Fence® brand (a leading professionally installed pet containment, avoidance, and access brand), the SportDOG Brand® (a leading brand for training and tracking equipment for sporting dogs), the Pet Loo™ Brand (a leading brand for

- 5 -

indoor/outdoor pet toilet products), among others, including without limitation, Premier® Pet Products, Drinkwell® Pet Fountains, and Innotek® training products.

## B. U.S. PATENT NO. 6,901,883

13. On June 7, 2005, U.S. Patent No. 6,901,883 (the "883 Patent") was duly, properly, and legally issued by the United States Patent and Trademark Office to inventors Greg Gillis and James Jameson. RSC is listed as the assignee on the 883 Patent.

14. A true and correct copy of the 883 Patent is attached hereto as Exhibit 1 and is incorporated herein by reference.

15. RSC is the current owner by assignment of all right, title, and interest in the 883 Patent.

## C. U.S. PATENT NO. 7,017,524

16. On March 28, 2006, U.S. Patent No. 7,017,524 (the "524 Patent") was duly, properly, and legally issued by the United States Patent and Trademark Office to inventors Greg Gillis and James L. Jameson. RSC is listed as the assignee on the 524 Patent.

17. A true and correct copy of the 524 Patent is attached hereto as Exhibit 2 and is incorporated herein by reference.

18. RSC is the current owner by assignment of all right, title, and interest in the 524 Patent.

## D. U.S. PATENT NO. 7,111,586

19. On September 26, 2006, U.S. Patent No. 7,111,586 (the "586 Patent") was duly, properly, and legally issued by the United States Patent and Trademark Office to inventors Thomas Brandon Lee and Rungwit Sangsingkeow. RSC is listed as the assignee on the 586 Patent.

- 6 -

20.     A true and correct copy of the 586 Patent is attached hereto as Exhibit 3 and is incorporated herein by reference.

21.     RSC is the current owner by assignment of all right, title, and interest in the 586 Patent.

**E.     U.S. PATENT NO. 8,011,327**

22.     On September 6, 2011, U.S. Patent No. 8,011,327 (the "327 Patent") was duly, properly, and legally issued by the United States Patent and Trademark Office to inventors Christopher E. Mainini, Albert L. Lee IV, and Steven L. Lawrence. RSC is listed as the assignee on the 327 Patent.

23.     A true and correct copy of the 327 Patent is attached hereto as Exhibit 4 and is incorporated herein by reference.

24.     RSC is the current owner by assignment of all right, title, and interest in the 327 Patent.

**F.     U.S. PATENT NO. D545,790**

25.     On July 3, 2007, U.S. Patent No. D545,790 (the "D790 Patent") was duly, properly, and legally issued by the United States Patent and Trademark Office to inventors James Jameson, Greg Gillis, and Lance Tracy. RSC is listed as the assignee on the D790 Patent.

26.     A true and correct copy of the D790 Patent is attached hereto as Exhibit 5 and is incorporated herein by reference.

27.     RSC is the current owner by assignment of all right, title, and interest in the D790 Patent.

- 7 -

## G.    U.S. PATENT. NO. D545,791

28.    On July 3, 2007, U.S. Patent No. D545,791 (the "D791 Patent") was duly, properly, and legally issued by the United States Patent and Trademark Office to inventors James Jameson, Greg Gillis, and Lance Tracy.  RSC is listed as the assignee on the D791 Patent.

29.    A true and correct copy of the D791 Patent is attached hereto as Exhibit 6 and is incorporated herein by reference.

30.    RSC is the current owner by assignment of all right, title, and interest in the D791 Patent.

## H.    U.S. PATENT NO. D573,564

31.    On July 22, 2008, U.S. Patent No. D573,564 (the "D564 Patent") was duly, properly, and legally issued by the United States Patent and Trademark Office to inventors Brent A. Goetzl, James L. Jameson, Greg Gillis, and Lance Tracy.  RSC is listed as the assignee on the D564 Patent.

32.    A true and correct copy of the D564 Patent is attached hereto as Exhibit 7 and is incorporated herein by reference.

33.    RSC is the current owner by assignment of all right, title, and interest in the D564 Patent.

## I.    LALOR'S RELATIONSHIP TO HAWX AND BUMPER BOY

34.    Upon information and belief, Hawx is a manufacturer and distributor of electronic remote training products for hunters and hunting dogs.

35.    Upon information and belief, Bumper Boy is a manufacturer and distributor of electronic remote training products for field training and hunting dogs.

- 8 -

36.     Upon information and belief, Hawx is a wholly-owned subsidiary of Bumper Boy, Inc.

37.     Upon information and belief, Lalor is the sole owner and principal of Hawx, holding the positions of President, Secretary, Treasurer, and Chairman.

38.     Upon information and belief, Lalor is the sole owner and principal of Bumper Boy, holding the positions of President and Secretary.

39.     Upon information and belief, Lalor owns and operates the website located at www.hawxdoggun.com and its associated e-commerce storefront located at hawxdoggun.mybigcommerce.com (collectively, the "Hawx Website"), which states that Hawx "can ship to virtually any address in the world." A true and correct copy of the WHOIS information for the www.hawxdoggun.com domain name is attached hereto as Exhibit 8.

40.     Upon information and belief, Lalor, doing business as Norcorp Ventures Inc. and/or individually, owns and operates the website located at www.bumperboy.com (the "Bumper Boy Website"). A true and correct copy of the WHOIS information for the www.bumperboy.com domain name is attached hereto as Exhibit 9.

41.     Upon information and belief, and in addition to or in conjunction with his individual wrongful and illegal conduct, Lalor used and continues to use Hawx and Bumper Boy as an alter ego, as evidenced by but not limited to, the complete common ownership and common control of Hawx and Bumper Boy by Lalor, the common business address of Hawx and Bumper Boy, Lalor's common corporate positions as President, Secretary, Treasurer, and Chairman of Hawx and President and Secretary of Bumper Boy, the apparent lack of other corporate officers of either Hawx or Bumper Boy, and Lalor's registration and ownership of both the Hawx Website and the Bumper Boy Website, which suggest a failure to maintain corporate

- 9 -

formalities, such as maintaining corporate meetings and minutes, and commingling of corporate assets.

42.     Upon information and belief, Lalor has used and continues to use Hawx and Bumper Boy as alter egos of each other, as evidenced by but not limited to, the complete common ownership and common control of Hawx and Bumper Boy by Lalor, the common address of Hawx and Bumper Boy, the fact that Bumper Boy is Hawx's registered agent, the common corporate officers of Hawx and Bumper Boy, and the common products offered for sale by both Hawx and Bumper Boy, which suggest a failure to observe corporate formalities and commingling of corporate finances between the two entities.

43.     Upon information and belief, Defendants offer, among other products, their own line of pet products.

44.     Upon information and belief, Defendants are offering for sale certain pet products related to electronic remote training products for animal behavior.

45.     Upon information and belief, Defendants operate and transact business through their interactive Hawx Website and interactive Bumper Boy Website, through which Defendants accept orders of their products from any person in any city in the United States, including residents in this District. True and correct copies of select webpages from the Hawx Website and the Bumper Boy Website are attached hereto as Exhibits 10 and 11, respectively.

46.     Upon information and belief, Lalor knowingly and actively participated in, authorized, ordered, controlled, participated, approved, or ratified Hawx's operation of the Hawx Website.

- 10 -

47.     Upon information and belief, Lalor knowingly and actively participated in, authorized, ordered, controlled, participated, approved, or ratified Bumper Boy's operation of the Bumper Boy Website.

48.     Upon information and belief, through their interactive Hawx Website and interactive Bumper Boy Website, Defendants have transacted business through accepting and processing orders of their products.

49.     Upon information and belief, the interactive Hawx Website was designed to form contacts with potential customers, inviting them to create and register an account with Hawx in order to "[c]heck out faster," "[s]ave multiple shipping addresses," "[a]ccess your order history," "[t]rack new orders," and "[s]ave items to your wish list."

50.     Defendants also state on the interactive Hawx Website that they "can ship to virtually any address in the world."

51.     Upon information and belief, the interactive Bumper Boy Website was designed to form contacts with potential customers, inviting them to create and register an account with Bumper Boy.

52.     The interactive Bumper Boy Website further invites potential customers to sign up to receive newsletter emails from Bumper Boy.

## J.     DEFENDANTS' INFRINGING CONDUCT

53.     Upon information and belief, Hawx manufactures and offers for sale a remote training product in a "Pro DG-Hunter/Trainer 1 Mile" model and a "Sport Hunter/Trainer" model.

- 11 -

54.     Upon information and belief, the remote training product sold in the Pro DG-Hunter/Trainer model includes, among other components, a handheld transmitter component called the "Pro 1 Mile transmitter" and an electronic collar receiver component ("E-Collar").

55.     True and correct copies of screenshots from the Hawx Website that display the remote training product in the Pro DG-Hunter/Trainer model are attached hereto as Exhibit 12.

56.     Upon information and belief, the remote training product sold in the Sport Hunter/Trainer model includes, among other components, a handheld transmitter component called the "Sport .5 Mile transmitter" and an E-Collar.

57.     True and correct copies of screenshots from the Hawx Website that display the remote training product in the Sport Hunter/Trainer model are attached hereto as collective Exhibit 13.

58.     A true and correct copy of the "Hawx Dog & Gun Operating Manual" is attached hereto as Exhibit 14.

59.     A true and correct copy of the "Hawx Dog & Gun Operating Manual Corrections" is attached hereto as Exhibit 15.

60.     Upon information and belief, Bumper Boy manufactures and offers for sale various "First Unit Launcher" products in a "pro" model and a "sport" model.

61.     Upon information and belief, the First Unit Launcher products sold in the "pro" model includes, without limitation: (1) the Complete System 2-Shooter Pro product; (2) the Complete System 4 Shooter Pro product; (3) the Complete System 8-Shooter Pro product; and (4) the Complete System 12-Shooter Pro product (collectively, the "Launcher Pro Model Products").

- 12 -

62.     True and correct copies of screenshots from the Bumper Boy Website that display the Launcher Pro Model Products are attached hereto as collective Exhibit 16.

63.     Upon information and belief, the First Unit Launcher products sold in the "sport" model includes, without limitation: (1) the Complete System 2-Shooter Sport product; (2) the Complete System 4-Shooter Sport product; and (3) the Complete System 8-Shooter Sport product (collectively, the "Launcher Sport Model Products").

64.     True and correct copies of screenshots from the Bumper Boy Website that display the Launcher Sport Model Products are attached hereto as collective Exhibit 17.

65.     The Launcher Pro Model Products include, among other components, a handheld transmitter component called the "Hawx 1 Mile Pro transmitter" and a receiver component called the "Hawx Bumper Boy receiver."

66.     A true and correct copy of the "Bumper Boy Operating Manual" is attached hereto as Exhibit 18.

67.     The Launcher Sport Model Products include, among other components, a handheld transmitter component called the "Hawx .5 Mile Sport transmitter" and a receiver component called the "Hawx Bumper Boy receiver."

68.     The remote training product sold in the "Pro DG-Hunter/Trainer" model, the remote training product sold in the "Sport Hunter/Trainer" model, the Launcher Pro Model Products, and the Launcher Sport Model Products shall be referred to hereinafter collectively as the "Infringing Products."

69.     Upon information and belief, RSC has lost sales from, and Defendants have wrongfully profited from sales of Defendants' accessory and replacement products for use in connection with the Infringing Products.

- 13 -

70.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, a comparison of the claimed ornamental design in the D790 Patent (as shown in Exhibit 5 hereto) to the handheld transmitter components of the Infringing Products (as shown in Exhibits 12-13, 16-17) demonstrates that the design of the handheld transmitter components of the Infringing Products are, if not nearly identical, then substantially the same.

71.     The resemblance of the design of the handheld transmitter components of the Infringing Products to the claimed ornamental design in the D790 Patent is such as to deceive an ordinary observer as to induce the purchase of the Infringing Products.

72.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, a comparison of the claimed ornamental design in the D791 Patent (as shown in Exhibit 6 hereto) to the handheld transmitter components of the Infringing Products (as shown in Exhibits 12-13, 16-17) demonstrates that the design of the handheld transmitter component of the Infringing Products are, if not nearly identical, then substantially the same.

73.     The resemblance of the design of the handheld transmitter components of the Infringing Products to the claimed ornamental design in the D791 Patent is such as to deceive an ordinary observer as to induce the purchase of the Infringing Products.

74.     In the eye of the ordinary observer, giving such attention as a purchaser usually gives, a comparison of the claimed ornamental design in the D564 Patent (as shown in Exhibit 7 hereto) to the handheld transmitter components of the Infringing Products (as shown in Exhibits 12-13, 16-17) demonstrates that the design of the handheld transmitter components of the Infringing Products are, if not nearly identical, then substantially the same.

- 14 -

75.     The resemblance of the design of the handheld transmitter components of the Infringing Products to the claimed ornamental design in the D564 Patent is such as to deceive an ordinary observer as to induce the purchase of the Infringing Products.

76.     Defendants have offered for sale, continue to offer for sale, have sold, and enable others to sell their Infringing Products.

77.     Further, upon information and belief, Defendants manufacture, or supervise and control the manufacture of, in whole or in part, the Infringing Products.

78.     Defendants have infringed and continue to infringe the 883 Patent by making, using, selling, offering for sale, and/or importing, and enabling others to make, use, sell, offer for sale, and/or import the Infringing Products.

79.     RSC places notice of the 883 Patent on the packaging and user manuals of its products that embody a material part of the inventions claimed in the 883 Patent.

80.     Upon information and belief, Defendants had at least constructive knowledge, and likely actual knowledge, of the 883 Patent.

81.     Defendants have infringed and continue to infringe the 524 Patent by making, using, selling, offering for sale, and/or importing, and enabling others to make, use, sell, offer for sale, and/or import the Infringing Products.

82.     RSC places notice of the 524 Patent in the instruction manual for its products that embody a material part of the inventions claimed in the 524 Patent.

83.     Upon information and belief, Defendants had at least constructive knowledge, and likely actual knowledge, of the 524 Patent.

- 15 -

84.     Defendants have infringed and continue to infringe the 586 Patent by making, using, selling, offering for sale, and/or importing, and enabling others to make, use, sell, offer for sale, and/or import the Infringing Products.

85.     Upon information and belief, Defendants had at least constructive knowledge, and likely actual knowledge, of the 586 Patent.

86.     Defendants have infringed and continue to infringe the 327 Patent by making, using, selling, offering for sale, and/or importing, and enabling others to make, use, sell, offer for sale, and/or import the Infringing Products.

87.     Upon information and belief, Defendants had at least constructive knowledge, and likely actual knowledge, of the 327 Patent.

88.     Defendants have infringed and continue to infringe the D790 Patent by making, using, selling, offering for sale, and/or importing, and enabling others to make, use, sell, offer for sale, and/or import the Infringing Products.

89.     RSC places notice of the D790 Patent in the instruction manual for its products that embody a material part of the ornamental designs claimed in the D790 Patent.

90.     Upon information and belief, Defendants had at least constructive knowledge, and likely actual knowledge, of the D790 Patent.

91.     Defendants have infringed and continue to infringe the D791 Patent by making, using, selling, offering for sale, and/or importing, and enabling others to make, use, sell, offer for sale, and/or import the Infringing Products.

92.     RSC places notice of the D791 Patent in the instruction manual for its products that embody a material part of the ornamental designs claimed in the D791 Patent.

- 16 -

93. Upon information and belief, Defendants had at least constructive knowledge, and likely actual knowledge, of the D791 Patent.

94. Defendants have infringed and continue to infringe the D564 Patent by making, using, selling, offering for sale, and/or importing, and enabling others to make, use, sell, offer for sale, and/or import the Infringing Products.

95. RSC places notice of the D564 Patent in the instruction manual for its products that embody a material part of the ornamental designs claimed in the D564 Patent.

96. Upon information and belief, Defendants had at least constructive knowledge, and likely actual knowledge, of the D564 Patent.

97. Upon information and belief, Lalor knowingly and actively participated in, authorized, ordered, controlled, participated, approved, or ratified Hawx's and Bumper Boy's use, manufacture, sale, offer for sale, and importation of the Infringing Products.

98. Upon information and belief, Lalor directed and/or ordered the infringing method of manufacture and/or has controlled the sale of the Infringing Products.

99. Upon information and belief, Lalor, individually and in his capacity as President, Secretary, Treasurer, and Chairman of Hawx and President and Secretary of Bumper Boy, authorized and approved of Hawx's and Bumper Boy's wrongful acts committed in and/or directed to Tennessee and this district. Through his actions alleged herein, Lalor authorized, ordered, controlled, participated, and/or ratified Hawx's and Bumper's acts of infringement of the 883, 524, 586, 327, D790, D791, and D564 Patents. Upon information and belief, Lalor also was personally involved in the decision to deliberately market Hawx's and Bumper Boy's goods and services to all fifty states, including Tennessee. Therefore, Lalor, in his capacity as President, Secretary, Treasurer, and Chairman of Hawx and President and Secretary of Bumper

- 17 -

Boy, exercised joint ownership or control over Hawx and Bumper Boy and their wrongful acts and is personally liable for his participation.

100.    Upon information and belief, Lalor had and continues to have a direct financial interest in the sale of the Infringing Products.

## K.    RSC'S REMOTE TRAINER PRODUCTS

101.    RSC, under its SportDOG Brand®, sells various remote training products for use by hunters and hunting dogs.

102.    RSC, under its SportDOG Brand®, offers for sale a remote training product called the FieldTrainer® in two models: (1) the FieldTrainer® 425; and (2) the FieldTrainer® 425S.

103.    RSC, under its SportDOG Brand®, offers for sale a remote training product called the SportHunter® in three models: (1) the SportHunter® 825; (2) the SportHunter® 1225; and (3) the SportHunter® 1825.

104.    RSC, under its SportDOG Brand®, offers for sale a remote training product called the WetlandHunter® in two models: (1) the WetlandHunter® 425; and (2) the WetlandHunter® 1825.

105.    RSC, under its SportDOG Brand®, offers for sale a remote training product called the UplandHunter® in one model: the UplandHunter® 1875.

106.    RSC, under its SportDOG Brand®, offers for sale a remote training product called the HoundHunter® in one model: the HoundHunter® 3225.

107.    RSC, under its SportDOG Brand®, offers for sale a remote training product called the ProHunter® in one model: the ProHunter® 2525.

108.    RSC's FieldTrainer® products, SportHunter® products, WetlandHunter® products, UplandHunter® products, HoundHunter® products, and ProHunter® products, in all

- 18 -

models, shall be referred to collectively hereinafter as RSC's "Remote Training Products." True and correct copies of webpages from RSC's website located at www.sportdog.com are attached hereto as collective Exhibit 19.

109.  RSC also offers for sale accessory and replacement products for use in connection with its Remote Training Products, including, but not limited to: duck and pheasant scents to teach dogs the scent to find in the field; waterfowl training kits; upland training kits; replacement transmitters; receiver battery kits; additional receivers; replacement batteries; replacement collar straps; accessory adaptors; car chargers; replacement antennae; and contact points, among other products.

## L.  DEFENDANTS' FALSE AND MISLEADING STATEMENTS

110.  Upon information and belief, Defendants have made literally and/or impliedly false and misleading statements regarding the nature, characteristics, quality, and efficacy of its Infringing Products and RSC's Remote Trainer Products.

111.  On the Hawx Website, Defendants make several representations regarding the Infringing Products in comparison to other remote training products.

112.  On the Hawx Website, Defendants display a webpage located at www.hawxdoggun.com/tech.php titled "The Problem With Other E-Collars" (the "Hawx E-Collar Webpage"). A true and correct copy of the Hawx E-Collar Webpage is attached hereto as Exhibit 20.

113.  Upon information and belief, through the Hawx E-Collar Webpage, Defendants falsely and/or misleadingly represent to existing and potential customers that "[c]onventional e-collars used in a hunting environment take too long to be effective behavior tools."

- 19 -

114.     Upon information and belief, through the Hawx E-Collar Webpage, Defendants falsely and/or misleadingly represent to existing and potential customers that "[o]ther e-collars are simply hard to operate . . . ."

115.     Upon information and belief, through the Hawx E-Collar Webpage, Defendants falsely and/or misleadingly represent to existing and potential customers that "[o]ther e-collars are . . . not an effective behavior tool in this environment . . . ."

116.     Upon information and belief, through the Hawx E-Collar Webpage, Defendants falsely and/or misleadingly represent to existing and potential customers that "[o]ther e-collars . . . can be dangerous when trying to handle a firearm at the same time."

117.     Upon information and belief, through the Hawx E-Collar Webpage, Defendants falsely and/or misleadingly represent to existing and potential customers that "[i]t really annoys me that e-collars are great 'training' tools but ineffective and unusable in many hunting situations. There is too much fumbling and the response is too slow."

118.     On the Hawx E-Collar Webpage, Defendants display the following image (the "Hawx Image") that is reproduced in Figure 1 below and is attached hereto as Exhibit 21.

- 20 -



Figure 1: Hawx Image

119.    Upon information and belief, through the Hawx Image, Defendants falsely and/or misleadingly represent to existing and potential customers that other remote training products, including RSC's Remote Training Products, can harm and even lead to the death of a pet dog.

120.    Upon information and belief, through the Hawx Image, Defendants falsely and/or misleadingly represent to existing and potential customers that the Infringing Products are safer

- 21 -

and faster than other remote training products, including RSC's Remote Training Products, and can prevent harm to and/or the death of a pet dog.

121. Upon information and belief, Defendants are representing that the Infringing Products have qualities or characteristics that, in all likelihood, the Infringing Products do not possess. This statement is further literally false and/or misleading because Defendants are representing that their Infringing Products possesses such qualities or characteristics in comparison to other remote training products, including RSC's Remote Training Products, which allegedly do not.

122. On the Hawx Website, Defendants display a webpage located at www.hawxdoggun.com/tech-why.php titled "Why is Dog & Gun ™ technology better?" (the "Hawx Technology Webpage"). A true and correct copy of the Hawx Technology Webpage is attached hereto as Exhibit 22.

123. Upon information and belief, through the Hawx Technology Webpage, Defendants falsely and/or misleadingly represent to existing and potential customers that Defendants "[b]uild the best product. This doesn't mean 'among the best' or the best at a particular price point. It means 'make the best' product, period. This means you will find that Hawx products consistently out-perform the competition in reliability, distance, and stimulation."

124. On the Hawx Technology Page, Defendants display a chart allegedly comparing the hunting features of Defendants' Infringing Products to other remote training products, including RSC's Remote Training Products (the "Hunting Comparison Chart"). Defendants do not disclose the factual basis underlying the claims of the Hunting Comparison Chart, which is reproduced in Figure 2 below and attached as Exhibit 23.

- 22 -



| Comparison Chart - Features<br>Use for Hunting | Conventional | Hawx Dog<br>& Gun™ |
|---|---|---|
| Gun & Dog™ Feature | No | Yes |
| Fast correction in field | Slow | Fast - sub<br>second |
| Easy to use | No | Yes |
| Better communication (timing), less<br>dog confusion | Slow | Yes |
| Correct your dog quick enough to<br>save her or his life | No | Yes |
| Tactical Sensing - Bird, Dog, Gun,<br>people, environment | No | Yes |
| Effective hunting training | No - bad timing | Yes |
| Dual-purpose hunting & training | No | Yes |
| Multi Dog (Mounted on the Gun) | No | Yes |
| Multi-Stimulation (Mounted on the<br>Gun) | No | Yes |
| Safer - eyes never have to leave the<br>field of sight | Can be dangerous | Yes |
| Multi-Gun (Mounted on the Gun) | No | Yes |

Figure 2: Hunting Comparison Chart

125. Upon information and belief, through their use of the Hunting Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that conventional remote training products, including RSC's Remote Training Products, are "slow" and/or are not suitable for "[f]ast correction in field," as opposed to Defendants' Infringing Products, which are "[f]ast – sub second" and/or suitable for "[f]ast correction in field."

126. Upon information and belief, through their use of the Hunting Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that conventional remote training products, including RSC's Remote Training Products, are not "easy to use," as opposed to Defendants' Infringing Products, which are "[e]asy to use."

127. Upon information and belief, through their use of the Hunting Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that conventional remote training products, including RSC's Remote Training Products, are "[s]low" and/or unsuitable for "[b]etter communication (timing), less dog confusion," as opposed to Defendants' Infringing Products, which are suitable for "[b]etter communication (timing), less dog confusion."

- 23 -

128. Upon information and belief, through their use of the Hunting Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that conventional remote training products, including RSC's Remote Training Products, do not "[c]orrect your dog quick enough to save her or his life," as opposed to Defendants' Infringing Products, which "[c]orrect your dog quick enough to save her or his life."

129. Upon information and belief, through their use of the Hunting Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that conventional remote training products, including RSC's Remote Training Products, are not suitable for "[e]ffective hunting training" and/or have "bad timing," as opposed to Defendants' Infringing Products, which are suitable for "[e]ffective hunting training."

130. Upon information and belief, through their use of the Hunting Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that conventional remote training products, including RSC's Remote Training Products, are not suitable for "[d]ual-purpose hunting & training," as opposed to Defendants' Infringing Products, which are suitable for "[d]ual-purpose hunting & training."

131. Upon information and belief, through their use of the Hunting Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that conventional remote training products, including RSC's Remote Training Products, "can be dangerous" and lack certain safety features, such as "eyes never have to leave the field of sight," as opposed to Defendants' Infringing Products, which are "[s]afer – eyes never have to leave the field of sight."

132. Upon information and belief, even if Defendants' statements contained in the Hunting Comparison Chart are not literally false when taken individually, the cumulative effect

- 24 -

of Defendants' Hunting Comparison Chart is impliedly false and/or misleading because Defendants are representing that their Infringing Products possesses such qualities or characteristics in comparison to other remote training products, including RSC's Remote Training Products, which allegedly do not.

133. On the Hawx Technology Page, Defendants display a chart allegedly comparing the training features of Defendants' Infringing Products to other remote training products, including RSC's Remote Training Products (the "Training Comparison Chart"). Defendants do not disclose the factual basis underlying the claims of the Training Comparison Chart, which is reproduced in Figure 3 below and attached as Exhibit 23.



| Use for Training | Conventional | Hawx Dog & Gun™ |
| --- | --- | --- |
| Waterproof (25 ft) | Some | Yes |
| Car charger | No | Yes |
| Fast charger | Some | Yes |
| Belt clip | Some | Yes |
| Range .5 or 1 mile | Some | Both available |
| Replaceable battery | Some | Yes |
| Performance-fit improved skin contact - (P/C Wing technology) | No | Improved |
| Comfort -Collar fit/wearability (P/C Wing technology) | No | Improved |
| Multiple stimulation levels and combination buttons | Some | All |
| Stubborn dog capable (power) | Some | Yes |
| Compact, ergonomic design | Some | Yes |
| Tone, vibration | Some | All |
| Camo | Some | Yes |
| Quality | Some | High quality |
| Price | Same | Same |
| Stretch E-Strap | No | Yes |

Figure 3: Training Comparison Chart

134. Upon information and belief, through their use of the Training Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that conventional remote training products, including RSC's Remote Training Products, lack the feature of a car charger.

135. Upon information and belief, through their use of the Training Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that

- 25 -

conventional remote trainers, including RSC's Remote Training Products, do not feature "[p]erformance-fit improved skin contact."

136. Upon information and belief, through their use of the Training Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that conventional remote training products, including RSC's Remote Training Products, do not feature "Comfort-collar fit/wearability."

137. Upon information and belief, through their use of the Training Comparison Chart, Defendants falsely and/or misleadingly represent to existing and potential customers that conventional remote training products, including RSC's Remote Training Products, are sold at the same price as the Infringing Products.

138. Upon information and belief, even if Defendants' statements contained in the Training Comparison Chart are not literally false when taken individually, the cumulative effect of Defendants' Training Comparison Chart is impliedly false and/or misleading because Defendants are representing that their Infringing Products possesses such qualities or characteristics in comparison to other remote training products, including RSC's Remote Training Products, which allegedly do not.

139. Upon information and belief, Lalor has sent email communications to potential and existing customers that falsely and/or misleadingly represent that "Hawx is now the only true K9 collar on the market."

140. Upon information and belief, even if Defendants' statements alleged herein are not literally false when taken individually, the cumulative effect of Defendants' statements is impliedly false and/or misleading because Defendants are representing that their Infringing

- 26 -

Products possesses such qualities or characteristics in comparison to other remote training products, including RSC's Remote Training Products, which allegedly do not.

141. Upon information and belief, Lalor knowingly and actively participated in, authorized, ordered, controlled, participated, approved, or ratified the false and misleading information and comparative advertising found on the Hawx Website.

142. Upon information and belief, Lalor, individually and in his capacity as President, Secretary, Treasurer, and Chairman of Hawx, authorized and approved of Hawx's and Bumper Boy's wrongful acts committed in and/or directed to Tennessee and this district. Through his actions alleged herein, Lalor authorized, ordered, controlled, participated, and/or ratified Hawx's and Bumper Boy's acts of unfair competition and false advertising, including, but not limited to, the false and/or misleading statements published on the Hawx Website and in Lalor's emails to potential and existing customers. Upon information and belief, Lalor also was personally involved in the decision to deliberately market Hawx's and Bumper Boy's goods and services to all fifty states, including Tennessee. Therefore, Lalor, in his capacity as President, Secretary, Treasurer, and Chairman of Hawx and President and Secretary of Bumper Boy, exercised joint ownership or control over Hawx and Bumper Boy and their wrongful acts and is personally liable for his participation.

143. Upon information and belief, Lalor had and continues to have a direct financial interest in the sale of the Infringing Products.

## VI. CAUSES OF ACTION

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,901,883
*(against all Defendants)*

144. RSC incorporates the preceding paragraphs as though fully set forth herein.

- 27 -

145.     Defendants, in violation of 35 U.S.C. § 271, have infringed and continue to infringe the 883 Patent through Defendants' making, using, offering for sale, sale, and/or importing the Infringing Products.

146.     Defendants' infringement of the 883 Patent has been willful, wanton, egregious, and with disregard for RSC's patent rights and will continue unabated unless enjoined by this Court.

147.     Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

148.     This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendant.

## COUNT II

### INDUCEMENT OF OTHERS TO INFRINGE U.S. PATENT NO. 6,901,883
### *(against all Defendants)*

149.     RSC incorporates the preceding paragraphs as though fully set forth herein.

150.     Defendants, in violation of 35 U.S.C. § 271(b), have induced and continue to induce others to infringe the claimed 883 Patent, by encouraging and facilitating others to perform actions known by Defendant to be acts of infringement of the 883 Patent with intent that those performing the acts infringe the 883 Patent.

151.     Defendants were placed on notice of the 883 Patent because RSC placed notice of the 883 Patent on the packaging of its products that embody a material part of the inventions described in the 883 Patent.

- 28 -

152. Defendants, through their marketing efforts, encourage the sale of the Infringing Products by resellers through online stores, and ultimately to consumers. The resellers and consumers of the Infringing Products infringe the 883 Patent.

153. Defendants advertise the Infringing Products, publish promotional literature describing the operation of those products, create and/or distribute an instruction manual for the Infringing Products, and offer support and technical assistance to ultimate consumers.

154. Defendants' infringement of the 883 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

155. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

156. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT III

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 6,901,883
*(against all Defendants)*

157. RSC incorporates the preceding paragraphs as though fully set forth herein.

158. Defendants, in violation of 35 U.S.C. § 271(c), have contributed and continue to contribute to the infringement of (and thereby infringes) the 883 Patent by selling within the United States, offering for sale within the United States, and/or importing components and the non-staple constituent parts of those devices that embody a material part of 883 Patent including, but not limited to, the Infringing Products and/or components and/or accessories thereof.

- 29 -

159. These devices are known by Defendants to be especially made or especially adapted for use in infringement of the 883 Patent and are not staple articles or commodities suitable for substantial, non-infringing use.

160. Defendants were placed on notice of the 883 Patent because RSC placed notice of the 883 Patent on the packaging of its products that embody a material part of the inventions described in the 883 Patent.

161. Defendants sell the Infringing Products, with knowledge that they infringe, to resellers who sell to consumers. The resellers and consumers of the Infringing Products infringe the 883 Patent.

162. Defendants' infringement of the 883 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

163. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

164. This is an exceptional case such that RSC should be entitled to its attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 7,017,524
*(against all Defendants)*

165. RSC incorporates the preceding paragraphs as though fully set forth herein.

166. Defendants, in violation of 35 U.S.C. § 271, have infringed and continue to infringe the 524 Patent through Defendants' making, using, offering for sale, sale, and/or importing the Infringing Products.

- 30 -

167. Defendants' infringement of the 524 Patent has been willful, wanton, egregious, and with disregard for RSC's patent rights and will continue unabated unless enjoined by this Court.

168. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

169. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendant.

## COUNT V

## INDUCEMENT OF OTHERS TO INFRINGE U.S. PATENT NO. 7,017,524 *(against all Defendants)*

170. RSC incorporates the preceding paragraphs as though fully set forth herein.

171. Defendants, in violation of 35 U.S.C. § 271(b), have induced and continue to induce others to infringe the claimed 524 Patent, by encouraging and facilitating others to perform actions known by Defendant to be acts of infringement of the 524 Patent with intent that those performing the acts infringe the 524 Patent.

172. Defendants were placed on notice of the 524 Patent because RSC placed notice of the 524 patent in the instruction manual of its products that embody a material part of the inventions described in the 524 Patent.

173. Defendants, through their marketing efforts, encourage the sale of the Infringing Products by resellers through online stores, and ultimately to consumers. The resellers and consumers of the Infringing Products infringe the 524 Patent.

- 31 -

174. Defendants advertise the Infringing Products, publish promotional literature describing the operation of those products, create and/or distribute an instruction manual for the Infringing Products, and offer support and technical assistance to ultimate consumers.

175. Defendants' infringement of the 524 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

176. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

177. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT VI

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 7,017,524
### (*against all Defendants*)

178. RSC incorporates the preceding paragraphs as though fully set forth herein.

179. Defendants, in violation of 35 U.S.C. § 271(c), have contributed and continue to contribute to the infringement of (and thereby infringes) the 524 Patent by selling within the United States, offering for sale within the United States, and/or importing components and the non-staple constituent parts of those devices that embody a material part of 524 Patent including, but not limited to, the Infringing Products and/or components and/or accessories thereof.

180. These devices are known by Defendants to be especially made or especially adapted for use in infringement of the 524 Patent and are not staple articles or commodities suitable for substantial, non-infringing use.

- 32 -

181.    Defendants were placed on notice of the 524 Patent because RSC placed notice of the 524 Patent in the instruction manual for its products that embody a material part of the inventions described in the 524 Patent.

182.    Defendants sell the Infringing Products, with knowledge that they infringe, to resellers who sell to consumers. The resellers and consumers of the Infringing Products infringe the 524 Patent.

183.    Defendants' infringement of the 524 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

184.    Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

185.    This is an exceptional case such that RSC should be entitled to its attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT VII

### INFRINGEMENT OF U.S. PATENT NO. 7,111,586
### *(against all Defendants)*

186.    RSC incorporates the preceding paragraphs as though fully set forth herein.

187.    Defendants, in violation of 35 U.S.C. § 271, have infringed and continue to infringe the 586 Patent through Defendants' making, using, offering for sale, sale, and/or importing the Infringing Products.

188.    Defendants' infringement of the 586 Patent has been willful, wanton, egregious, and with disregard for RSC's patent rights and will continue unabated unless enjoined by this Court.

- 33 -

189. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

190. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendant.

## COUNT VIII

### INDUCEMENT OF OTHERS TO INFRINGE U.S. PATENT NO. 7,111,586
### *(against all Defendants)*

191. RSC incorporates the preceding paragraphs as though fully set forth herein.

192. Defendants, in violation of 35 U.S.C. § 271(b), have induced and continue to induce others to infringe the claimed 586 Patent, by encouraging and facilitating others to perform actions known by Defendant to be acts of infringement of the 586 Patent with intent that those performing the acts infringe the 586 Patent.

193. Defendants, through their marketing efforts, encourage the sale of the Infringing Products by resellers through online stores, and ultimately to consumers. The resellers and consumers of the Infringing Products infringe the 586 Patent.

194. Defendants advertise the Infringing Products, publish promotional literature describing the operation of those products, create and/or distribute an instruction manual for the Infringing Products, and offer support and technical assistance to ultimate consumers.

195. Defendants' infringement of the 586 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

196. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

- 34 -

197. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT IX

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 7,111,586
*(against all Defendants)*

198. RSC incorporates the preceding paragraphs as though fully set forth herein.

199. Defendants, in violation of 35 U.S.C. § 271(c), have contributed and continue to contribute to the infringement of (and thereby infringes) the 586 Patent by selling within the United States, offering for sale within the United States, and/or importing components and the non-staple constituent parts of those devices that embody a material part of 586 Patent including, but not limited to, the Infringing Products and/or components and/or accessories thereof.

200. These devices are known by Defendants to be especially made or especially adapted for use in infringement of the 586 Patent and are not staple articles or commodities suitable for substantial, non-infringing use.

201. Defendants sell the Infringing Products, with knowledge that they infringe, to resellers who sell to consumers. The resellers and consumers of the Infringing Products infringe the 586 Patent.

202. Defendants' infringement of the 586 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

203. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

- 35 -

204. This is an exceptional case such that RSC should be entitled to its attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT X

### INFRINGEMENT OF U.S. PATENT NO. 8,011,327
### *(against all Defendants)*

205. RSC incorporates the preceding paragraphs as though fully set forth herein.

206. Defendants, in violation of 35 U.S.C. § 271, have infringed and continue to infringe the 327 Patent through Defendants' making, using, offering for sale, sale, and/or importing the Infringing Products.

207. Defendants' infringement of the 327 Patent has been willful, wanton, egregious, and with disregard for RSC's patent rights and will continue unabated unless enjoined by this Court.

208. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

209. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendant.

## COUNT XI

### INDUCEMENT OF OTHERS TO INFRINGE U.S. PATENT NO. 8,011,327
### *(against all Defendants)*

210. RSC incorporates the preceding paragraphs as though fully set forth herein.

211. Defendants, in violation of 35 U.S.C. § 271(b), have induced and continue to induce others to infringe the claimed 327 Patent, by encouraging and facilitating others to

- 36 -

perform actions known by Defendant to be acts of infringement of the 327 Patent with intent that those performing the acts infringe the 327 Patent.

212.   Defendants, through their marketing efforts, encourage the sale of the Infringing Products by resellers through online stores, and ultimately to consumers. The resellers and consumers of the Infringing Products infringe the 327 Patent.

213.   Defendants advertise the Infringing Products, publish promotional literature describing the operation of those products, create and/or distribute an instruction manual for the Infringing Products, and offer support and technical assistance to ultimate consumers.

214.   Defendants' infringement of the 327 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

215.   Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

216.   This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT XII

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,011,327
### *(against all Defendants)*

217.   RSC incorporates the preceding paragraphs as though fully set forth herein.

218.   Defendants, in violation of 35 U.S.C. § 271(c), have contributed and continue to contribute to the infringement of (and thereby infringes) the 327 Patent by selling within the United States, offering for sale within the United States, and/or importing components and the

- 37 -

non-staple constituent parts of those devices that embody a material part of 327 Patent including, but not limited to, the Infringing Products and/or components and/or accessories thereof.

219. These devices are known by Defendants to be especially made or especially adapted for use in infringement of the 327 Patent and are not staple articles or commodities suitable for substantial, non-infringing use.

220. Defendants sell the Infringing Products, with knowledge that they infringe, to resellers who sell to consumers. The resellers and consumers of the Infringing Products infringe the 327 Patent.

221. Defendants' infringement of the 327 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

222. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

223. This is an exceptional case such that RSC should be entitled to its attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT XIII

### INFRINGEMENT OF U.S. PATENT NO. D545,790
*(against all Defendants)*

224. RSC incorporates the preceding paragraphs as though fully set forth herein.

225. Defendants, in violation of 35 U.S.C. § 271, have infringed and continue to infringe the claimed ornamental design in the D790 Patent through Defendants' making, using, offering for sale, sale, and/or importing the Infringing Products.

- 38 -

226. Defendants' infringement of the D790 Patent has been willful, wanton, egregious, and with disregard for RSC's patent rights and will continue unabated unless enjoined by this Court.

227. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

228. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

### COUNT XIV

### INDUCEMENT OF OTHERS TO INFRINGE U.S. PATENT NO. D545,790
### *(against all Defendants)*

229. RSC incorporates the preceding paragraphs as though fully set forth herein.

230. Defendants, in violation of 35 U.S.C. § 271(b), have induced and continue to induce others to infringe the claimed ornamental design in the D790 Patent, by encouraging and facilitating others to perform actions known by Defendants to be acts of infringement of the D790 Patent with intent that those performing the acts infringe the D790 Patent.

231. Defendants were placed on notice of the D790 Patent because RSC placed notice of the D790 Patent in the instruction manual for its products that embody a material part of the ornamental design claimed in the D790 Patent.

232. Defendants, through their marketing efforts, encourage the sale of the Infringing Products by resellers in both traditional "brick and mortar" stores and online, and ultimately to consumers. The resellers and consumers of the Infringing Products infringe the claimed ornamental design in the D790 Patent.

- 39 -

233. Defendants advertise the Infringing Products, publish promotional literature describing the operation of those products, create and/or distribute an instruction manual for the Infringing Products, and offer support and technical assistance to ultimate consumers.

234. Defendants' infringement of the D790 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

235. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

236. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT XV

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. D545,790
### (*against all Defendants*)

237. RSC incorporates the preceding paragraphs as though fully set forth herein.

238. Defendants, in violation of 35 U.S.C. § 271(c), have contributed and continue to contribute to the infringement of (and thereby infringes) the claimed ornamental design in the D790 Patent by selling within the United States, offering for sale within the United States, and/or importing components and the non-staple constituent parts of those devices that embody a material part of the claimed ornamental design in the D790 Patent including, but not limited to, the Infringing Products.

239. These devices are known by Defendants to be especially made or especially adapted for use in infringement of the D790 Patent and are not staple articles or commodities suitable for substantial, non-infringing use.

- 40 -

240. Defendants were placed on notice of the D790 Patent and Defendants' infringement thereof because RSC placed notice of the D790 Patent in the instruction manual for its products that embody a material part of the ornamental design claimed in the D790 Patent.

241. Defendants sell the Infringing Products, with knowledge that they infringe, to resellers who sell to consumers. The resellers and consumers of the Infringing Products infringe the D790 Patent.

242. Defendants' infringement of the D790 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

243. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

244. This is an exceptional case such that RSC should be entitled to its attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT XVI

### INFRINGEMENT OF U.S. PATENT NO. D545,791
### (*against all Defendants*)

245. RSC incorporates the preceding paragraphs as though fully set forth herein.

246. Defendants, in violation of 35 U.S.C. § 271, have infringed and continue to infringe the claimed ornamental design in the D791 Patent through Defendants' making, using, offering for sale, sale, and/or importing the Infringing Products.

247. Defendants' infringement of the D791 Patent has been willful, wanton, egregious, and with disregard for RSC's patent rights and will continue unabated unless enjoined by this Court.

- 41 -

248. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

249. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT XVII

## INDUCEMENT OF OTHERS TO INFRINGE U.S. PATENT NO. D545,791
### *(against all Defendants)*

250. RSC incorporates the preceding paragraphs as though fully set forth herein.

251. Defendants, in violation of 35 U.S.C. § 271(b), have induced and continue to induce others to infringe the claimed ornamental design in the D791 Patent, by encouraging and facilitating others to perform actions known by Defendants to be acts of infringement of the D791 Patent with intent that those performing the acts infringe the D791 Patent.

252. Defendants were placed on notice of the D791 Patent because RSC placed notice of the D791 Patent in the instruction manual for its products that embody a material part of the ornamental design claimed in the D791 Patent.

253. Defendants, through their marketing efforts, encourage the sale of the Infringing Products by resellers in both traditional "brick and mortar" stores and online, and ultimately to consumers. The resellers and consumers of the Infringing Products infringe the claimed ornamental design in the D791 Patent.

254. Defendants advertise the Infringing Products, publish promotional literature describing the operation of those products, create and/or distribute an instruction manual for the Infringing Products, and offer support and technical assistance to ultimate consumers.

- 42 -

255. Defendants' infringement of the D791 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

256. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

257. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT XVIII

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. D545,791
### *(against all Defendants)*

258. RSC incorporates the preceding paragraphs as though fully set forth herein.

259. Defendants, in violation of 35 U.S.C. § 271(c), have contributed and continue to contribute to the infringement of (and thereby infringes) the claimed ornamental design in the D791 Patent by selling within the United States, offering for sale within the United States, and/or importing components and the non-staple constituent parts of those devices that embody a material part of the claimed ornamental design in the D791 Patent including, but not limited to, the Infringing Products.

260. These devices are known by Defendants to be especially made or especially adapted for use in infringement of the D791 Patent and are not staple articles or commodities suitable for substantial, non-infringing use.

261. Defendants were placed on notice of the D791 Patent and Defendants' infringement thereof because RSC placed notice of the D791 Patent in the instruction manual for its products that embody a material part of the ornamental design claimed in the D791 Patent.

- 43 -

262. Defendants sell the Infringing Products, with knowledge that they infringe, to resellers who sell to consumers. The resellers and consumers of the Infringing Products infringe the D791 Patent.

263. Defendants' infringement of the D791 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

264. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

265. This is an exceptional case such that RSC should be entitled to its attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

**COUNT XIX**

**INFRINGEMENT OF U.S. PATENT NO. D573,564**
*(against all Defendants)*

266. RSC incorporates the preceding paragraphs as though fully set forth herein.

267. Defendants, in violation of 35 U.S.C. § 271, have infringed and continue to infringe the claimed ornamental design in the D564 Patent through Defendants' making, using, offering for sale, sale, and/or importing the Infringing Products.

268. Defendants' infringement of the D564 Patent has been willful, wanton, egregious, and with disregard for RSC's patent rights and will continue unabated unless enjoined by this Court.

269. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

- 44 -

270.     This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT XX

## INDUCEMENT OF OTHERS TO INFRINGE U.S. PATENT NO. D573,564
### *(against all Defendants)*

271.     RSC incorporates the preceding paragraphs as though fully set forth herein.

272.     Defendants, in violation of 35 U.S.C. § 271(b), have induced and continue to induce others to infringe the claimed ornamental design in the D564 Patent, by encouraging and facilitating others to perform actions known by Defendants to be acts of infringement of the D564 Patent with intent that those performing the acts infringe the D564 Patent.

273.     Defendants were placed on notice of the D564 Patent because RSC placed notice of the D564 Patent in the instruction manual for its products that embody a material part of the ornamental design claimed in the D564 Patent.

274.     Defendants, through their marketing efforts, encourage the sale of the Infringing Products by resellers in both traditional "brick and mortar" stores and online, and ultimately to consumers.     The resellers and consumers of the Infringing Products infringe the claimed ornamental design in the D564 Patent.

275.     Defendants advertise the Infringing Products, publish promotional literature describing the operation of those products, creates and/or distribute an instruction manual for the Infringing Products, and offer support and technical assistance to ultimate consumers.

276.     Defendants' infringement of the D564 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

- 45 -

277.    Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

278.    This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT XXI

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. D573,564
*(against all Defendants)*

279.    RSC incorporates the preceding paragraphs as though fully set forth herein.

280.    Defendants, in violation of 35 U.S.C. § 271(c), have contributed and continue to contribute to the infringement of (and thereby infringes) the claimed ornamental design in the D564 Patent by selling within the United States, offering for sale within the United States, and/or importing components and the non-staple constituent parts of those devices that embody a material part of the claimed ornamental design in the D564 Patent including, but not limited to, the Infringing Products.

281.    These devices are known by Defendants to be especially made or especially adapted for use in infringement of the D564 Patent and are not staple articles or commodities suitable for substantial, non-infringing use.

282.    Defendants were placed on notice of the D564 Patent and Defendants' infringement thereof because RSC placed notice of the D564 Patent in the instruction manual for its products that embody a material part of the ornamental design claimed in the D564 Patent.

283.    Defendants sell the Infringing Products, with knowledge that they infringe, to resellers who sell to consumers. The resellers and consumers of the Infringing Products infringe the D564 Patent.

- 46 -

284.    Defendants' infringement of the D564 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

285.    Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

286.    This is an exceptional case such that RSC should be entitled to its attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendants.

## COUNT XXII

### FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a) (*against all Defendants*)

287.    RSC incorporates the preceding paragraphs as though fully set forth herein.

288.    Defendants' explicit and implicit promotional claims in interstate commerce about their Infringing Products, including, but not limited to, the statements contained in Section V(L) *supra*, are literally and/or impliedly false and misleading.

289.    Defendants' explicit and implicit promotional claims in interstate commerce about remote training products generally, including RSC's Remote Training Products, and including, but not limited to, the statements contained in Section V(L) *supra*, are literally and/or impliedly false and misleading.

290.    Defendants' sale of and offers for sale of the Infringing Products, as alleged herein, constitutes "use in commerce" as defined in 15 U.S.C. § 1127.

291.    As alleged herein, Defendants have intentionally made literally false statements in commercial advertising or promotion in interstate commerce which misrepresent the nature,

- 47 -

characteristics, qualities, or geographic origin of Defendants' and/or RSC's goods, services, or commercial activities, including, but not limited to, the statements contained in Section V(L) *supra*.

292.    Defendants' false and/or misleading statements regarding the Infringing Products are material in that the statements will likely influence existing and potential buyers of (a) remote training products generally; (b) the Infringing Products; (c) RSC's Remote Training Products; and (d) accessory or related products for the Infringing Products and/or RSC's Remote Training Products.

293.    Buyers of Defendants' Infringing Products (and buyers of remote training products generally) have no choice in many circumstances but to trust that statements made by Defendants (directly or through its agents or representatives) that the Infringing Products have the nature, characteristics, and qualities claimed for them by Defendants.

294.    Defendants' false and/or misleading statements regarding the Infringing Products have actually deceived or have the capacity to tend to deceive a substantial portion of the intended audience for such statements.

295.    Defendants' false and/or misleading statements regarding remote training products generally, including RSC's Remote Training Products, are material in that the statements will likely influence existing and potential buyers of (a) remote training products generally; (b) the Infringing Products; (c) RSC's Remote Training Products; and (d) accessory or related products for the Infringing Products and/or RSC's Remote Training Products.

296.    Buyers of Defendants' Infringing Products (and buyers of remote training products generally) have no choice in many circumstances but to trust that statements made by Defendants (directly or through its agents or representatives) that remote training products

- 48 -

generally, including RSC's Remote Training Products, have the nature, characteristics, and qualities claimed for them by Defendants.

297.    Defendants' false and/or misleading statements regarding remote training products generally, including RSC's Remote Training Products, have actually deceived or have the capacity to tend to deceive a substantial portion of the intended audience for such statements.

298.    Defendants' false or misleading statements have been introduced into interstate commerce through, among other avenues, Defendants' publication of such statements on the Hawx Website and Lalor's email communications to potential and existing customers.

299.    By these actions, Defendants have engaged and continue to engage in false advertising and unfair competition in violation of the statutory law of the United States, 15 U.S.C. § 1125 *et seq.* As a result, RSC has suffered and will continue to suffer damage to its business, reputation, and goodwill.

300.    Lalor used and continues to use Hawx and Bumper Boy as an alter ego, has used and continues to use Hawx and Bumper Boy as an alter ego for each other, had and continues to have a direct financial interest in the sale of the Infringing Products, and knowingly and actively participated in the wrongful acts of Hawx and Bumper Boy. Therefore, Lalor is personally liable for the false advertising and unfair competition of Hawx and Bumper Boy.

301.    Defendants willfully, knowingly, intentionally, maliciously, or recklessly are using in commerce false and/or misleading descriptions of fact or misleading representations of fact concerning the nature, characteristics, and qualities of Defendants' Infringing Products and remote training products generally, including RSC's Remote Training Products.

- 49 -

302.    Defendants' false and/or misleading statements have caused RSC injury and/or are likely to cause RSC injury, either by direct diversion of sales from RSC to Defendants or by a lessening of the goodwill associated with RSC's Remote Training Products.

303.    RSC has been injured by Defendants' actions and representations because customers who would otherwise have purchased from RSC have made, or will make, purchasing decisions based upon Defendants' false and misleading representations concerning the attributes of Defendants' Infringing Products and remote training products generally, including RSC's Remote Training Products.

304.    Unless enjoined by this Court, Defendants' acts will irreparably injure RSC's goodwill and erode its sales, customer base, and share in the market for remote training products.

305.    Defendants' acts have caused RSC damages, and RSC seeks judgment pursuant to 15 U.S.C. § 1117 for statutory damages, Defendants' profits, any damages sustained by RSC; for all costs, expenses, and reasonable attorney fees (as this is an exceptional case) incurred in bringing the present action and attempts to remedy Defendants' actions.

306.    RSC seeks an award of treble damages for at least three times the amount of Defendants' profits or RSC's damages, whichever is greater, due to the nature of Defendants' wanton and willful conduct.

307.    Pursuant to 15 U.S.C. § 1116, RSC is entitled to preliminary and permanent injunctive relief against Defendants to stop the illegal conduct.

308.    Pursuant to 15 U.S.C. § 1117, RSC seeks judgment for three times the amount of Defendants' profits or RSC's damages, whichever is greater, due to the nature of Defendants' conduct.

309.     Defendants' acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling RSC to recover additional damages and reasonable attorney fees pursuant to 15 U.S.C. § 1117.

310.     Pursuant to 15 U.S.C. § 1118, RSC is entitled to impoundment and destruction of all packaging, containers, devices, products, literature, advertising and any other material bearing false, deceptive, and/or misleading statements and/or any variants thereof (or similar wording).

## COUNT XXIII

### VIOLATIONS UNDER THE TENNESSEE CONSUMER PROTECTION ACT OF 1977, TENN. CODE ANN. § 47-18-101 *et seq.* (*against all Defendants*)

311.     RSC incorporates the preceding paragraphs as if fully set forth herein.

312.     Defendants' offering of the Infringing Products, as alleged herein, constitutes the offering of or providing of "goods" and constitutes "trade," "commerce," and a "consumer transaction," as defined in Tenn. Code Ann. § 47-18-103(5), (10) and (11).

313.     Defendants' willful and knowing acts, including without limitation their false and/or misleading statements of fact about the Infringing Products and remote training products generally, including RSC's Remote Training Products, and including, but not limited to, the statements contained in Section V(L) *supra*, constitute unfair methods of competition and unfair or deceptive acts or practices in violation of Tenn. Code Ann. § 47-18-104(b)(5), (7), (8), and (21).

314.     The acts and practices engaged in and employed by Defendants, as alleged herein, are "unfair or deceptive acts or practices affecting the conduct of any trade or commerce" in Tennessee, which are declared unlawful by Tenn. Code Ann. § 47-18-104(a).

- 51 -

315. Defendants have represented and implied, and continue to represent and imply, that their goods and/or remote training products generally, including RSC's Remote Training Products, have characteristics, uses, and benefits that they do not have, in violation of Tenn. Code Ann. § 47-18-104(b)(5).

316. Defendants have represented and implied, and continue to represent and imply, that their goods and/or remote training products generally, including RSC's Remote Training Products, are of a particular grade or quality, when they are not, in violation of Tenn. Code Ann. § 47-18-104(b)(7).

317. Defendants have disparaged and continues to disparage RSC's goods and business by making false or misleading representations of fact about them, in violation of Tenn. Code Ann. § 47-18-104(b)(8).

318. Defendants have used and continue to use statements and illustrations in advertisements that create a false impression of the grade, quality, make, or usability of the goods it offers and that otherwise misrepresent its goods in such a manner that, upon later disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods to other goods, in violation of Tenn. Code Ann. § 47-18-104(b)(21).

319. Defendants' willful and knowing acts, including without limitation their false and/or misleading statements of fact about the Infringing Products and remote training products generally, including RSC's Remote Training Products, were known by Defendants to be deceptive and misleading, or through the exercise of reasonable care or investigation could or might have been ascertained to be deceptive and misleading.

320. Defendants' acts were conducted with the intent or purpose, either directly or indirectly, of selling or disposing of personal property or services including without limitation

- 52 -

the Infringing Products, or to induce the public to enter into obligations relating to such property or services.

321. By these actions, Defendants have engaged and continue to engage in unfair or deceptive acts and practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.* As a result, RSC has suffered, and will continue to suffer, damage to its business, reputation, and goodwill.

322. Lalor used and continues to use Hawx and Bumper Boy as an alter ego, used and continues to use Hawx and Bumper Boy as an alter ego of each other, had and continues to have a direct financial interest in the sale of the Infringing Products, and knowingly and actively participated in the wrongful acts of Hawx and Bumper Boy. He is, therefore, personally liable for his individual and the unfair or deceptive acts or practices of Hawx and Bumper Boy.

323. RSC is entitled to injunctive relief and all other available statutory remedies, including but not limited to RSC's damages; Defendants' profits; an award of three times the actual damages sustained under Tenn. Code Ann. § 47-18-109(a), and reasonable attorney fees and costs.

324. Further, RSC is entitled to injunctive relief against Defendants to stop the illegal conduct.

## COUNT XXIV

### COMMON LAW UNFAIR COMPETITION
### *(against all Defendants)*

325. RSC incorporates the preceding paragraphs as though fully set forth herein.

326. Defendants' explicit and implicit promotional claims about the Infringing Products, including, but not limited to, the statements contained in Section V(L) *supra*, are literally and impliedly false and misleading.

- 53 -

327. Defendants' explicit and implicit promotional claims about remote training products generally, including RSC's Remote Training Products, and including, but not limited to, the statements contained in Section V(L) *supra*, are literally and impliedly false and misleading.

328. Defendants' foregoing acts constitute unfair competition and infringement of RSC's common law rights for which RSC has no adequate remedy at law.

329. To the extent that the Court determines that there is an adequate remedy at law, RSC has been damaged in an amount to be determined at trial, plus prejudgment and post-judgment interest, attorneys' fees, expenses, and costs.

330. RSC is entitled to punitive damages because Defendants' conduct was intentional, willful, malicious, or made with reckless disregard for the rights of others.

331. Defendants' acts as alleged herein were committed with the intent to deceive and defraud the public in order to gain an increase its sales, customer base, and share in the remote training market and/or eliminate RSC from the remote training market.

## COUNT XXV

### UNJUST ENRICHMENT
*(against all Defendants)*

332. RSC incorporates the preceding paragraphs as though fully set forth herein.

333. Defendants have unjustly benefited from engaging in unfair competition and from making false, misleading, and/or deceptive statements about the Infringing Products and remote training products generally, including RSC's Remote Training Products, and including, but not limited to, the statements contained in Section V(L) *supra*, by luring and appropriating RSC's customers, and it would be inequitable for it to retain the benefit of such acts without repayment of the value thereof.

N SFM 967252 v3
2925118-000016 06/26/2013

334. As a result of Defendants' unjust enrichment, RSC has been damaged in an amount to be determined at trial, plus accrued interest to the date of the judgment, its attorney fees and costs.

## VII.  REQUEST FOR RELIEF

WHEREFORE, RSC requests the following relief:

1. Judgment be entered in favor of RSC against Defendants for each of the above Counts;

2. Defendants, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from infringement of the 883 Patent;

3. Defendants, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from infringement of the 524 Patent;

4. Defendants, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from infringement of the 586 Patent;

5. Defendants, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from infringement of the 327 Patent;

6. Defendants, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from infringement of the D790 Patent;

N SFM 967252 v3
2925118-000016 06/26/2013

7.       Defendants, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from infringement of the D791 Patent;

8.       Defendants, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from infringement of the D564 Patent;

9.       Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from stating, representing, or implying orally or in writing (including, but not limited to, print advertisements, marketing materials, websites, blogs, social media) any statements that misrepresent the nature, characteristics, qualities, or geographic origin of Defendants' Infringing Products and/or RSC's Remote Training Products, and/or any statements that Defendants' Infringing Products are superior as compared to RSC's Remote Training Products, including, but not limited to:

   a.       directly or indirectly engaging in false and/or misleading advertising or promotion of Defendants' Infringing Products; and/or

   b.       making or inducing others to make false, misleading, or deceptive statements or representations of fact in connection with the promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation, or distribution of Defendants' Infringing Products, including, but not limited to, through the making of false and/or misleading representations about RSC's Remote Training Products;

- 56 -

10. Defendants be directed to file with this Court and serve on RSC within ten (10) days after the service of a preliminary injunction order, a report in writing under oath, setting forth in detail the manner and form in which they have complied with the preliminary injunction order;

11. At conclusion of trial, Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from infringement of the 883 Patent;

12. At conclusion of trial, Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from infringement of the 524 Patent;

13. At conclusion of trial, Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from infringement of the 586 Patent;

14. At conclusion of trial, Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from infringement of the 327 Patent;

15. At conclusion of trial, Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from infringement of the D790 Patent;

16. At conclusion of trial, Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from infringement of the D791 Patent;

N SFM 967252 v3
2925118-000016 06/26/2013

17. At conclusion of trial, Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from infringement of the D564 Patent;

18. At conclusion of trial, Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from the acts that RSC requests to be preliminary enjoined in ¶ 9 immediately above;

19. At conclusion of trial, Defendants be directed to deliver up and destroy all packaging, containers, devices, products, literature, advertising and any other material (including, but not limited to, its websites) bearing any of the hereinabove referenced literally false or impliedly false and deceptive statements regarding Defendants' Infringing Products, RSC's Remote Training Products, or variants thereof;

20. Defendants be directed to publish and distribute corrective advertising (including, but not limited to, on their websites where they have advertised) to reduce the effects of the literally false or impliedly false and/or misleading statements regarding Defendants' Infringing Products, RSC's Remote Training Products, or variants thereof;

21. Defendants be directed to file with this Court and serve on RSC within ten (10) days after the service of a permanent injunction order, a report in writing under oath, setting forth in detail the manner and form in which they have complied with the permanent injunction order;

22. RSC be granted an award pursuant to 35 U.S.C. § 284 of damages, not less than a reasonable royalty, adequate to compensate RSC for the infringement of the 883 Patent; trebling of any award pursuant to 35 U.S.C. § 284; pre-judgment and post-judgment interest on any award; and the costs of this action;

- 58 -

23. RSC be granted an award pursuant to 35 U.S.C. § 284 of damages, not less than a reasonable royalty, adequate to compensate RSC for the infringement of the 524 Patent; trebling of any award pursuant to 35 U.S.C. § 284; pre-judgment and post-judgment interest on any award; and the costs of this action;

24. RSC be granted an award pursuant to 35 U.S.C. § 284 of damages, not less than a reasonable royalty, adequate to compensate RSC for the infringement of the 586 Patent; trebling of any award pursuant to 35 U.S.C. § 284; pre-judgment and post-judgment interest on any award; and the costs of this action;

25. RSC be granted an award pursuant to 35 U.S.C. § 284 of damages, not less than a reasonable royalty, adequate to compensate RSC for the infringement of the 327 Patent; trebling of any award pursuant to 35 U.S.C. § 284; pre-judgment and post-judgment interest on any award; and the costs of this action;

26. RSC be granted an award pursuant to 35 U.S.C. § 284 of damages, not less than a reasonable royalty, adequate to compensate RSC for the infringement of the D790 Patent; trebling of any award pursuant to 35 U.S.C. § 284; Defendants' total profit, but not less than $250, pursuant to 35 U.S.C. § 289; pre-judgment and post-judgment interest on any award; and the costs of this action;

27. RSC be granted an award pursuant to 35 U.S.C. § 284 of damages, not less than a reasonable royalty, adequate to compensate RSC for the infringement of the D791 Patent; trebling of any award pursuant to 35 U.S.C. § 284; Defendants' total profit, but not less than $250, pursuant to 35 U.S.C. § 289; pre-judgment and post-judgment interest on any award; and the costs of this action;

- 59 -

28.     RSC be granted an award pursuant to 35 U.S.C. § 284 of damages, not less than a reasonable royalty, adequate to compensate RSC for the infringement of the D564 Patent; trebling of any award pursuant to 35 U.S.C. § 284; Defendants' total profit, but not less than $250, pursuant to 35 U.S.C. § 289; pre-judgment and post-judgment interest on any award; and the costs of this action;

29.     This case and/or the actions of Defendant be deemed exceptional and RSC be granted an award for its reasonable attorney fees and expenses pursuant to 35 U.S.C. § 285;

30.     For its claims related to Defendants' false and/or misleading statements, RSC be granted an award of monetary damages in an amount to be determined at trial, treble damages, punitive damages, statutory damages, prejudgment and post-judgment interest, attorney fees, expenses, and costs;

31.     This case and/or the actions of Defendants be deemed exceptional and RSC be granted an award for its reasonable attorney fees and expenses pursuant to 15 U.S.C. § 1117;

32.     Award RSC treble damages to compensate it for the harm caused by Defendants' violation of the Tennessee Consumer Protection Act, as well as its attorney fees, expenses, and costs, pursuant to Tenn. Code Ann. § 47-18-109; and

33.     RSC be granted such other and further relief as this Court deems just and proper.

## JURY DEMAND

RSC requests a trial by jury for all issues so triable.

- 60 -

Respectfully submitted,

/s/ Samuel F. Miller

Samuel F. Miller (BPR No. 22936)
Maia T. Woodhouse (BPR No. 30438)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Telephone: (615) 726-5594
Facsimile: (615) 744-5594
Email: smiller@bakerdonelson.com
        mwoodhouse@bakerdonelson.com

*Attorneys for Plaintiff Radio Systems Corporation*

N SFM 967252 v3
2925118-000016 06/26/2013